**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**MDL NO. 2299 - IN RE: ACTOS (Pioglitazone) Products Liability Litigation**

| | | |
|---|---|---|
| Mary Leach v. Takeda Pharmaceiticals U.S.A., Inc. *et al.* <br> Civil Action No. 1:16-cv-0000 (GMS) | ) <br> ) <br> ) | District Court for the <br> District of Delaware <br> (Wilmington) |

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-96)

### INTRODUCTION

Plaintiff, Mary Leach, ("Plaintiff"), by and through her undersigned counsel, hereby submit this Reply to Defendants' Takeda Pharmaceuticals America, Inc., Takeda Pharmaceuticals U.S.A., Inc. (formerly known as Takeda Pharmaceuticals North America, Inc.) (collectively "Takeda"), and Eli Lilly and Company ("Eli Lilly")(collectively "Defendants"), Response to Plaintiff's Motion to Vacate Conditional Transfer Order 96 ("CTO-96"), and respectfully request that this Judicial Panel on Multidistrict Litigation vacate CTO-96, entered in the above-captioned actions on January 11, 2016.

Plaintiff chose its venue and Defendants improperly removed the instant case. It is a waste of this Court's resources to transfer this action before the local court rules on the pending remand motion. As the District Court never had proper jurisdiction over this case, neither would this Court have jurisdiction to transfer it to the MDL. This Court should exercise its justified judicial restraint and vacate this transfer order and allow the local federal court to adjudicate the remand issue.

### ARGUMENT

A.  This Court Should Vacate CTO-96 and Allow the District Court of Delaware to Rule

As discussed in Plaintiff's motion to vacate, Judge Sleet of the District Court has consistently remanded cases removed to federal court pursuant to the 28 U.S.C. §§ 1332, 1441 and 1446 pursuant to the "forum defendant rule". *See* Exhibits to Brief in Support of Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-96).

In fact, this District Court has also recently issued decisions on twelve (12) Xarelto cases filed in Delaware with the exact same issues as herein, remanding the cases back to Superior Court of the State of Delaware, County of New Castle. See *John D. Moore v. Janssen Research & Development, et al., Civil Action No. 15-664-RGA; Virginia Price v. Janssen Research & Development, et al., Civil Action No. 15-665-RGA; Patricia Smith v. Janssen Research & Development, et al., Civil Action No. 15-667-RGA;Samuel Foster v. Janssen Research & Development, et al., Civil Action No. 15-666-RGA; Florence R. Furchak v. Janssen Research & Development, et al., Civil Action No. 15-778-RGA; Beullah Wallace v. Janssen Research & Development, et al., Civil Action No. 15-764-RGA; Sheryll Aulgur, et al, v. Janssen Research & Development, et al., Civil Action No. 15-803-RGA; Glenda Conway, et al, v. Janssen Research & Development, et al., Civil Action No. 15-798-RGA; Vaughn Newer v. Janssen Research & Development, et al., Civil Action No. 15-797-RGA; Ramona Padgett, et al, v. Janssen Research & Development, et al., Civil Action No. 15-770-RGA; Thomas H. Stephens, et al, v. Janssen Research & Development, et al., Civil Action No. 15-771-RGA and Sally H. Epton, et al, v. Janssen Research & Development, et al., Civil Action No. 15-823-RGA.* See Orders Granting Remand, attached herein as Exhibit 1.

Defendant argues that the interest of judicial economy and consistency are best served by transferring this case to the MDL and not allowing the exact same local court to rule on the pending remand motions. Transfer of this case would be neither judicially efficient nor

economical. If transfer is ordered prior to the local court's ruling on Plaintiff's motions to remand, the time and resources of the courts, this Panel, and the parties will be needlessly wasted. Plaintiff, having been prejudiced by these improper removals, will simply re-file her remand motion before the MDL Court. This Court should exercise judicial restraint and allow the local federal court to determine the jurisdictional questions at issue.

B. Plaintiff would Suffer Prejudice if CTO-96 is Granted

To reiterate Plaintiff's argument in its initial motion, Plaintiff would be sure to encounter delays and prejudice in MDL 2299. MDLs are traditionally larger, slower moving litigations. Transfer would promote the inefficient, rather than the efficient, determination of this action, in addition to prejudicing Plaintiff an inevitable delay. Transfer at this time would force aside the question of federal jurisdiction, requiring the parties to resubmit all their briefing to the MDL court.

The statutory mandate of this Panel – to weigh the interests of all parties "in light of the purposes of Section 1407" – clearly warrants an Order vacating Conditional Transfer Order 96. *See Stirling Homex Corp. Sec. Litig.*, 442 F. Supp. 547, 550 (J.P.M.L 1997). Transfer of this action would delay the proceedings of these cases and would cause Plaintiff additional expense and inconvenience, and accordingly, transfer of these actions would not be consistent with the policy objectives of Section 1407.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Panel vacate Conditional Transfer Order 96.

                                        Respectfully submitted,

                                        <u>      /s/ James D. Heisman      </u>
James D. Heisman, Esq. (DE Bar ID 2746)
Napoli Shkolnik LLC
919 North Market Street, Suite 1801
Telephone: (302) 330-8025
Facsimile: (302) 295-4801
JHeisman@NapoliLaw.com
*Attorneys for Plaintiff*

Dated: March 3, 2016